IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES MARCIL, NANCY ZUBER, | § | |
| and DAVID YON, individually and on | § | |
| behalf of all those similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-4247-N |
| | § | |
| SILVERLEAF RESORTS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Plaintiffs' motion for conditional certification and notice to potential plaintiffs [Doc. 25]. The Court grants the motion and conditionally certifies the class, with some alterations, as set out below.[1]

## I. PLAINTIFFS' OVERTIME CLAIMS AGAINST SILVERLEAF

Defendant Silverleaf Resorts, Inc. ("Silverleaf") markets and sells vacation timeshares in several states. Plaintiffs are former Silverleaf employees. All three were verification loan officers ("VLO") at a single Silverleaf resort in Massachusetts. Silverleaf employs two types of VLOs in its resorts nationwide: those in "member services"[2] and those in "outside sales." Plaintiffs were all member services VLOs.

---

[1]The Court denies Plaintiffs' motion to stay [27] as moot.

[2]Plaintiffs use the term "member sales" instead of "member services." The Court uses Silverleaf's terminology but presumes the terms are interchangeable.

Plaintiffs allege that Silverleaf improperly denied them overtime pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* They claim that Silverleaf regularly required them to work more than forty hours per week and that they were entitled to earn time-and-a-half overtime pay for the weekly hours they worked in excess of forty. Silverleaf, however, did not pay them for these hours. Plaintiffs believe that Silverleaf treated other VLOs – both in member services and outside sales – in the same way, and accordingly they now move for conditional certification of a collective action under 29 U.S.C. § 216(b).

## II. STANDARD OF REVIEW FOR CERTIFICATION OF COLLECTIVE ACTIONS

The FLSA allows an employee or group of employees to sue "any employer . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Classes under section 216(b) are "opt-in" classes: only employees who provide express written consent to join the suit may do so. *Id.* This requirement distinguishes FLSA class actions from the "opt-out" classes governed by Federal Rule of Civil Procedure 23. *See LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (concluding that "[t]hese two types of class actions are mutually exclusive and irreconcilable").

Courts have used two different procedures to certify FLSA classes. Most courts employ a two-step process adopted from *Lusardi v. Xerox Corp.* 118 F.R.D. 351 (D.N.J. 1987). In the first step, "the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214

(5th Cir. 1995). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* Generally, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" as evidence sufficient to move beyond the first step.[3] *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id.* at 1214; *see also Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 171–72 (1989) (holding that district courts may facilitate notice to potential plaintiffs).

The second step consists of a "decertification" analysis conducted, upon a defendant's motion, after the close of discovery. Based on the evidence obtained during discovery, a court "makes a factual determination on the similarly situated question" in the second step. *Mooney*, 54 F.3d at 1214. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice."

---

[3]Silverleaf urges the Court to apply a higher level of scrutiny to the certification decision than courts have in the past on account of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). *Dukes*, however, involved a Rule 23 class action, not a § 216(b) collective action, and "[t]hese two types of class actions are mutually exclusive and irreconcilable." *LaChapelle*, 513 F.2d at 289. The Court therefore declines to apply the *Dukes* holding to the first step of the *Lusardi* analysis in this case. *Accord In re Wells Fargo Wage & Hour Emp't Practices Litig. (No. III)*, Civ. A. No. H-11-2266, 2012 WL 3308880, at *23 (S.D. Tex. Aug. 10, 2012) ("Most courts that have considered whether to apply *Dukes* to FLSA collective actions – particularly at the notice stage – find that it is inapplicable.") (collecting cases); *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-00738, 2012 WL 334038, at *2 n.8 (S.D. Tex. Feb. 2, 2012).

*Id.* The *Lusardi* approach "lends itself to *ad hoc* analysis on a case-by-case basis." *Id.* at 1213.

The second FLSA conditional certification procedure is based on the court's approach in *Shushan v. University of Colorado*. 132 F.R.D. 263 (D. Colo. 1990). The *Shushan* procedure considers "the 'similarly situated' inquiry [under the FLSA] to be coextensive with Rule 23 class certification." *Mooney*, 54 F.3d at 1214. A court using the *Shushan* approach analyzes FLSA class certification through Rule 23 factors like numerosity, commonality, typicality, and adequacy of representation. *Id.* "Under this methodology, the primary distinction between an [FLSA] representative action and a [Rule] 23 class action is that persons who do not elect to opt-in to the [FLSA] representative action are not bound by its results." *Id.*

The Fifth Circuit has expressly declined to endorse either approach over the other. *Id.* at 1216. Most courts in this District and elsewhere, however, use the two-step *Lusardi* method. *See, e.g.*, *Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2011 WL 609884, at *2 (N.D. Tex. Feb. 14, 2011); *Oliver v. Aegis Commc'ns Grp., Inc.*, No. 3:08-CV-828-K, 2008 WL 7483891, at *3 (N.D. Tex. Oct. 30, 2008); 7B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1807 (3d ed. 2005) ("[M]ost courts in collective actions follow a two-stage certification process, although courts are not required to do so.") (collecting cases). The Court sees no reason to deviate from that practice here.

### III. THE COURT CONDITIONALLY
### CERTIFIES AN OPT-IN CLASS

Plaintiffs ask the court to conditionally certify a class consisting of the following people:

> Individuals who are former or current Verification Loan Officers, in both member sales and outside sales, at any of Silverleaf Resorts, Inc.'s resort locations nationwide and who worked for Silverleaf Resorts, Inc. from October 19, 2009 to Present.

The Court must thus determine at this stage whether, in the words of several courts, there exists "some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (quoting *Aguirre v. SBC Commc'ns, Inc.*, Civ. A. No. H-05-3198, 2006 WL 964554, at *5 (S.D. Tex. Apr. 11, 2006)) (alteration in original). The Court finds such a nexus here.

Plaintiffs have offered evidence that Silverleaf's management team in Dallas sets certain policies regarding VLOs nationwide. For instance, management apparently made the decision, which Plaintiffs challenge, that VLOs are exempt from the FLSA. Moreover, there is evidence that management uniformly distributed decisions about VLOs' work hours to VLOs at all of Silverleaf's resorts. Thus, Plaintiffs have alleged "that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214. Moreover, VLOs' duties appear from Plaintiffs' evidence reasonably similar nationwide. For instance, Plaintiffs have introduced evidence that VLOs review documents and records, enter data, register tour groups, and process payments. Silverleaf has pointed

out that some officers have different duties than others and that VLOs working in member services often have different responsibilities than those working in outside sales. Despite these differences, however, Plaintiffs' evidence of similar job duties is sufficient to meet the requirements of the first *Lusardi* step. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (conditionally certifying class consisting of sales consultants, recruiting consultants, and marketing consultants); *Barnett v. Countrywide Credit Indus., Inc.*, No. 3:01-CV-1182-M, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002) (noting that potential class members' "positions need not be identical, but similar") (quoting *Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994)). The companywide decisions Plaintiffs reference and the job duties they list demonstrate a sufficient nexus such that a collective action would promote judicial efficiency.

Silverleaf asserts that Plaintiffs have insufficiently demonstrated that other VLOs exist who are willing to join the suit. The Court recognizes that some courts in this Circuit require proof along these lines. *E.g.*, *Jones v. SuperMedia Inc.*, 281 F.R.D. 282, 287 (N.D. Tex. 2012); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010). The Court does not believe, however, that such a showing is necessary under Fifth Circuit precedent and declines to require one. *See Mooney*, 54 F.3d at 1214 n.8 (noting that most courts conditionally certify classes where plaintiffs offer "nothing more than substantial allegations

that the putative class members were together the victims of a single decision, policy, or plan").[4]

Finally, Silverleaf objects to certain aspects of Plaintiffs' proposed class and notice.[5] First, Silverleaf notes that the proposed class could include individuals whose claims are barred by the FLSA's statute of limitations, which is a maximium of three years. The Court agrees and alters the class definition as provided below. *See Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916–17 (5th Cir. 2008) (noting that, in FLSA collective action, "the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date."). Silverleaf also believes that notice to all of the VLOs employed by Silverleaf is not necessary. Plaintiffs, however, have adequately alleged the existence of companywide policies, so companywide notice is appropriate. *Accord Ryan*, 497 F. Supp. 2d at 825 ("When the employers' actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.") (citing *White v.*

---

[4]Even so, however, Plaintiffs have introduced evidence that around forty VLOs work for Silverleaf. Presumably, there are others who once held that position but no longer do. Moreover, there is at least some evidence that a handful of the individuals may have interest in joining the suit. Even if such proof were required, then, the Court would consider Plaintiffs' evidence sufficient for the purposes of the first *Lusardi* step.

[5]Silverleaf also requests that the Court wait fourteen days to allow the parties to craft a joint notice or competing notices or, alternatively, for leave to submit a more detailed statement of its position. The Court concludes that the modified version of Plaintiffs' proposed notice provided below is fair and adequate and that further submissions are unnecessary and would result in unneeded delay. The Court accordingly denies both of Silverleaf's requests.

ORDER – PAGE 7

*MPW Indus. Services, Inc.*, 236 F.R.D. 363, 375 (E.D. Tenn. 2006)); *Quintanilla v. A & R Demolitina, Inc.*, Civ. A. No. H-04-1965, 2005 WL 2095104, at *13–14 (S.D. Tex. Aug. 30, 2005).[6] Silverleaf also objects to several of the deadlines Plaintiff has proposed.  The Court accordingly adjusts some of the deadlines as set out below.

CONCLUSION

The Court grants Plaintiffs' motion for conditional certification.   The Court conditionally certifies a class consisting of the following people:

> Individuals who are former or current Verification Loan Officers, in both member services and outside sales, at any of Silverleaf Resorts, Inc.'s resort locations nationwide and who worked for Silverleaf Resorts, Inc. from April 29, 2010 to Present.

The Court orders Silverleaf to provide Plaintiffs with the name and last known address of each individual falling within the conditionally certified class (the "Employee Information"). Silverleaf shall provide the Employee Information in an electronic format, or in a written format if the information is not available in electronic form, within fourteen (14) days of the date of this Order.  Plaintiffs shall use the Employee Information only to provide notice to potential class members.

The Court approves the notice letter and consent form included with the Plaintiffs' motion.  *See* App. Supp. Pls.' Mot. [26-1] 40–43.  The Court authorizes notice to potential class members by U.S. mail or by email, with the option of executing the opt-in consent

---

[6]Silverleaf has also requested discovery prior to the Court's decision on this motion. The Court does not believe that such discovery would aid the Court in resolving the motion and therefore denies Silverleaf's request.

ORDER – PAGE 8

forms via RightSignature, an electronic signature service. To the extent Plaintiffs send notice by U.S. mail, they must mail, at Plaintiffs' expense, a copy of the notice letter and consent form, along with a self-addressed, postage-paid envelope. Plaintiffs shall send these materials within seven (7) days after Silverleaf turns over the Employee Information (the "Mailing Date"). Potential plaintiffs shall have sixty (60) days from the Mailing Date to send a consent form opting into this litigation (the "Opt-In Period").[7]

Plaintiffs' counsel shall date stamp each consent form returned by mail or fax on the day it is received in counsel's office and retain any envelope or other evidence showing the date the consent forms were postmarked, fax-stamped, or electronically submitted. All consent forms postmarked, fax-stamped, or electronically submitted on or before the last day of the Opt-In Period will be considered timely.

Within fourteen (14) days after the last day of the Opt-In Period, Plaintiffs' counsel, on behalf of the opting-in plaintiffs, shall file the consent forms with the Court (the "Filing Date"), noting the date each individual's consent was received. The Court will accept late-filed consent forms only for good cause.

The Court further orders that the parties may conduct additional class certification discovery for ninety (90) days after the Filing Date. If Silverleaf wishes to file a motion for decertification, it must do so within thirty (30) days after the close of class certification discovery.

---

[7]Plaintiffs request that two rounds of notice be sent to potential class members, with the second round sent thirty days after the Mailing Date. The Court concludes that two rounds of notice are unnecessary and denies Plaintiffs' request.

Signed April 8, 2013.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 10